UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JASON J. SPIKES | CIVIL ACTION |
| VERSUS | NO. 21-1505 |
| LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS | SECTION "B"(2) |

## ORDER AND REASONS

Plaintiff Jason J. Spikes is a prisoner incarcerated in the B.B. "Sixty" Rayburn Correctional Center ("RCC") in Angie, Louisiana. ECF No. 1 (Deficient Complaint). He filed a handwritten complaint titled "Petition for a Writ of Habeas Corpus 28 U.S.C. § 2241", with an application for leave to file *in forma pauperis*. *Id*.; ECF No. 2. Broadly construing his complaint,[1] Spikes asserts that RCC officials used force to cut his hair and failed to respond to his second step grievance under RCC 2021-35, which he contends is preventing him from exhausting administrative remedies. ECF No. 1, ¶¶ 5-6, at 2. He further claims that his Fifth, Eighth, and Fourteenth Amendment rights were violated when he was cuffed by his hands and feet and tied to a chair so that RCC officials could cut his hair. *Id*. ¶ 13, at 2-3. He also asserts that cutting his hair violated his First Amendment religious beliefs. *Id*. ¶ 13, at 3. For relief, he seeks "civil, criminal, and administrative liability." *Id*. ¶ 15, at 3.

---

[1] "A document filed *pro se* is 'to be liberally construed.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *accord Bourne v. Gunnels*, 921 F.3d 484, 490 (5th Cir. 2019) ("filings of a *pro se* litigant are 'to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"); *Thorn v. McGary*, 684 F. App'x 430, 432 n.2 (5th Cir. 2017) ("We liberally construe briefs of *pro se* litigants.").

A court must look to the substance of the relief sought by a *pro se* pleading, not the label attached by the petitioner, to determine the true nature and operative effect of the filing.[2] The court in its discretion may recharacterize the *pro se* pleading based on its content.[3] Thus, the caption on a *pro se* pleading does not, as a general matter, constrain the court's treatment of the pleading.[4]

Although Spikes identified his complaint as one for federal habeas corpus relief under § 2241, neither his claims nor the "liability" relief sought are habeas in nature. Rather, claims of excessive force by prison guards and violations of the inmate's civil rights are challenges to the conditions of prison life.[5] A prisoner's challenges to the constitutionality of the conditions of his confinement, rather than the underlying legality and fact of his confinement, are properly asserted in a civil rights action under § 1983, not a habeas petition.[6] "[Section] 1983 suits are the proper vehicle to attack unconstitutional conditions of confinement and prison procedures," while "[a] habeas petition . . . is the proper vehicle to seek release from custody."[7] When a prisoner asserts § 1983 claims in a habeas petition, the court must separately decide the § 1983 claims.[8]

In this case, Spikes has asserted no habeas claims addressing his conviction or that would entitle him to release. Instead, Spikes presents claims and a request for relief cognizable under

---

[2] *Hernandez v. Thaler*, 630 F.3d 420, 426-27 (5th Cir. 2011) (citations omitted); *United States v. Elam*, 930 F.3d 406, 409 (5th Cir. 2019) (A pro se litigant's motion is not always what it purports to be, so the court may recharacterize a motion that is labeled differently) (citing *Castro v. United States*, 540 U.S. 375, 377 (2003)); *Hopes v. Davis*, 761 F. App'x 307, 309 (5th Cir. 2019); *United States v. Bledsoe*, 548 F. App'x 124, 124 (5th Cir. 2013) ("[I]t is the essence of a pro se prisoner's pleading, rather than the label attached to it, that controls how that pleading is characterized.").
[3] *Elam*, 930 F.3d at 409 (citing *Santora*, 711 F.2d at 42).
[4] *See North Alamo Water Supply Corp. v. City of San Juan, Tex.*, 90 F.3d 910, 918 (5th Cir. 1996) (FED. R. CIV. PROC. 8(f) directs the district court to construe all pleadings so as to do substantial justice).
[5] *Porter v. Nussle*, 534 U.S. 516 (2002) (defining prison conditions for purposes of the Prison Litigation Reform Act of 1996).
[6] *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997).
[7] *Id.*; *Clarke v. Stadler*, 154 F.3d 186, 189 (5th Cir. 1998).
[8] *Patton v. Jefferson Corr. Ctr.*, 136 F.3d 458, 463-64 (5th Cir. 1998) (quoting *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995)).

§ 1983 in a pleading that he has labeled as a § 2241 petition. Spikes' complaint is properly construed as a § 1983 complaint, no matter how he labelled it.

The Prison Litigation Reform Act of 1996, 28 U.S.C. § 1915(g) ("PLRA"), provides that a prisoner shall not be allowed to bring a civil action as a pauper pursuant to § 1915 if he has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed as frivolous, malicious, or for failure to state a claim for which relief can be granted, unless the prisoner is under imminent danger of serious physical injury. Spikes is a prolific filer who, while incarcerated, has filed at least three prior civil rights complaints in this court that were dismissed as frivolous and/or for failure to state a claim for which relief could be granted: *Spikes v. McMorris*, Civ. No. 17-17642"H"(3) (dismissed as frivolous, failure to state a claim, and bringing suit against immune defendants under § 1915 and 28 U.S.C. § 1915A); *Spikes v. Knight*, Civ. No. 17-17638"E"(2) (dismissed as frivolous, failure to state a claim, and bringing suit against immune defendants under § 1915 and § 1915A); *Spikes v. Knight*, Civ. No. 17-17817"H"(4) (dismissed as frivolous, failure to state a claim, and bringing suit against immune defendants under § 1915 and § 1915A). Spikes, therefore, has accumulated three "strikes" under the PLRA and § 1915(g), and he cannot proceed as a pauper in a non-habeas civil action because he has abused that privilege.

Spikes is thus prohibited from proceeding as a pauper in this civil action unless he fits within the "imminent danger" exception of § 1915(g). To meet the imminent danger requirement, the threat must be "real and proximate" and based on fact, not conjecture.[9] Allegations of past harm do not suffice. Instead, the harm must be imminent or occurring at the time that the

---

[9] *See Newman v. Harris*, 770 F. App'x 216 (5th Cir. 2019); *Valdez v. Bush*, No. 08-148, 2008 WL 4710808, at *1 (N.D. Tex. Oct. 24, 2009) (quoting *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003)).

complaint is filed.[10]   The exception in the statute refers to "a genuine emergency" in which "time is pressing."[11]   In the complaint at issue, Spikes has not alleged nor does his complaint demonstrate that he is in imminent danger of serious physical injury.   Therefore, the Court finds that Spikes is not entitled to proceed *in forma pauperis*.   Accordingly,

**IT IS ORDERED** that Spikes' complaint be construed as a complaint pursuant to 42 U.S.C. § 1983, and the Clerk of Court is directed to redesignate this case on the docket of this court as a prison conditions case under § 1983.

**IT IS FURTHER ORDERED** that Spikes' motion to proceed *in forma pauperis* (ECF No. 2) is **DENIED** pursuant to 28 U.S.C. § 1915(g).

New Orleans, Louisiana this   12th   day of August, 2021.

_____
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[10] *Cloud v. Stotts*, 455 F. App'x 534, 534 (5th Cir. 2011).
[11] *See Heimerman v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003); *see also Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (5th Cir. 2001) ("Someone whose danger has passed cannot be reasonably be described as someone who 'is' in danger, nor can that past danger reasonably be described as 'imminent.'"); *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) ("Congress' use of the present tense in § 1915(g) confirms that a prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed in forma pauperis... .").